FILE

1  STEPHEN YOUNGERMAN (#098784)
   sy@ymlaw.net
2  ROBERT L. PANZA (#207393)
   rlp@ymlaw.net
3  **YOUNGERMAN & McNUTT LLP**
   11150 West Olympic Boulevard, Suite 900
4  Los Angeles, California 90064
   Tel: (310) 478-3780
5  Fax: (310) 478-3831

6  DAVID DONAHUE (*pro hac vice* admission pending)
   ddonahue@fzlz.com
7  GISELLE C. WOO (*pro hac vice* admission pending)
   gwoo@fzlz.com
8  **FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
   866 United Nations Plaza
9  New York, New York 10017
   Tel: (212) 813-5900
10 Fax: (212) 813-5901
   Counsel for Defendant,
11 BENEFIT COSMETICS, LLC

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

BY

2010 APR 23  PM 3: 35

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 THE HEBREW UNIVERSITY OF
   JERUSALEM,
16              Plaintiff,
                    v.
17 BENEFIT COSMETICS, LLC, and DOES 1
   through 10,
18              Defendant.

19 BENEFIT COSMETICS, LLC.
                    COUNTER-PLAINTIFF
20                     v.
21 THE HEBREW UNIVERSITY OF
   JERUSALEM.
                    COUNTER-DEFENDANT.
22

CASE NO. CV 09 08711 ~~PSW~~ PSG (PJWx)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT**

23        Defendant Benefit Cosmetics, LLC ("Benefit"), by its attorneys, answers the

24 Complaint filed by Plaintiff The Hebrew University of Jerusalem ("HUJ") on

25 November 25, 2009, as follows:

26        1.    Denies the allegations in paragraph 1.

27        2.    Denies that HUJ is the sole and exclusive legal and beneficial owner of

28 the Albert Einstein name, personality, publicity, and trademark rights"; lacks

1   knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations contained in paragraph 2 and on that basis denies the same.

3        3.     Admits the allegations in paragraph 3.

4        4.     Admits that HUJ purports to assert that this Court has jurisdiction as

5   alleged in paragraph 4 but otherwise denies the allegations contained in paragraph 4.

6        5.     Admits only that it regularly does business in the State of California

7   and in this District but otherwise denies the allegations contained in paragraph 5.

8        6.     Lacks knowledge or information sufficient to form a belief as to the

9   truth of the allegations contained in paragraph 6 and on that basis denies the same.

10       7.     Lacks knowledge or information sufficient to form a belief as to the

11  truth of the allegations contained in paragraph 7 and on that basis denies the same.

12       8.     Lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations contained in paragraph 8 and on that basis denies the same.

14       9.     Lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations contained in paragraph 9 and on that basis denies the same.

16       10.    Denies the allegations contained in paragraph 10.

17       11.    Lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations contained in paragraph 11 and on that basis denies the same.

19       12.    Lacks knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained in paragraph 12 and on that basis denies the same.

21       13.    Lacks knowledge or information sufficient to form a belief as to the

22  truth of the allegations contained in paragraph 13 and on that basis denies the same.

23       14.    Lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations contained in paragraph 14 and on that basis denies the same.

25       15.    Lacks knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained in paragraph 15 and on that basis denies the same.

27       16.    Admits the allegations in paragraph 16.

28

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT      CV09-08711 PSG (PJWx)

17.   Denies that the description set forth in paragraph 17 accurately summarizes the contents of <u>Exhibit B</u> to the Complaint and therefore denies the allegations of paragraph 17 concerning the same and respectfully refers the Court to such exhibit for the contents thereof; admits that the print advertisement attached as <u>Exhibit B</u> to the Complaint was produced by Defendant.

18.   Denies that the description set forth in paragraph 18 accurately summarizes the contents of <u>Exhibit B</u> to the Complaint and therefore denies the allegations of paragraph 18 concerning the same and respectfully refers the Court to such exhibit for the contents thereof; denies the remaining allegations in paragraph 18.

19.   Admits the allegations in paragraph 19.

20.   Denies the allegations in paragraph 20, except admits that Benefit has used the advertisement attached as <u>Exhibit B</u> to the Complaint in other media in the United States.

21.   Denies the allegations in paragraph 21, except admits that Benefit has never entered into a licensing agreement with Plaintiff or Plaintiff's licensing agent.

22.   Repeats and incorporates by reference its responses to the prior paragraphs of the Complaint as set forth herein.

23.   Denies the allegations in paragraph 23.

24.   Denies the allegations in paragraph 24.

25.   Denies the allegations in paragraph 25.

26.   Denies the allegations in paragraph 26.

27.   Denies the allegations in paragraph 27.

28.   Denies the allegations in paragraph 28.

29.   Denies the allegations in paragraph 29.

30.   Denies the allegations in paragraph 30.

31.   Repeats and incorporates by reference its responses to the prior paragraphs of the Complaint as set forth herein.

1    32.    Denies the allegations in paragraph 32.

2    33.    Denies the allegations in paragraphs 33, except admits that Benefit used

3    an image and likeness of Albert Einstein without Plaintiff's consent, which was not

4    required by Benefit to do so.

5    34.    Denies the allegations in paragraph 34.

6    35.    Denies the allegations in paragraph 35.

7    36.    Repeats and incorporates by reference its responses to the prior

8    paragraphs of the Complaint as set forth herein.

9    37.    Denies the allegations in paragraph 37.

10    38.    Denies the allegations in paragraph 38.

11    39.    Denies the allegations in paragraph 39.

12    40.    Denies the allegations in paragraph 40.

13                    **First Affirmative Defense**

14    41.    The Complaint fails to state a claim upon which relief can be granted.

15                    **Second Affirmative Defense**

16    42.    Upon information and belief, Plaintiff did not receive the rights it

17    claims to have received under Albert Einstein's will.  As such, its claims fail as a

18    matter of law.

19                    **Third Affirmative Defense**

20    43.    The Complaint is barred by Plaintiff's own unclean hands and

21    inequitable conduct, including, without limitation, Plaintiff's filing of fraudulent

22    Successor-in-Interest claims with the Secretary of State under Cal. Civ. Code §

23    3344.1, in which Plaintiff asserts ownership of Albert Einstein's right of publicity

24    "by will" when, upon information and belief, Plaintiff knew or should have known

25    at the time it filed such claims that it never received such rights under Mr. Einstein's

26    will.

27

28

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT                    CV09-08711 PSG (PJWx)

### Fourth Affirmative Defense

44.     The Complaint is barred by Plaintiff's failure to join one or more Required Parties under Federal Rule of Civil Procedure 19, including, without limitation, the co-owners of Albert Einstein's purported post-mortem right of publicity.

### Fifth Affirmative Defense

45.     The Complaint is barred by the applicable statutes of limitations.

### Sixth Affirmative Defense

46.     Defendant's use of the Einstein photograph constitutes a parody.  As such, its use is a fair use and is protected under the First Amendment to the United States Constitution.

### Seventh Affirmative Defense

47.     The Complaint and each cause of action and count therein are barred by the doctrine of waiver, acquiescence, estoppel and/or laches.

### Eighth Affirmative Defense

48.     Various paragraphs of the Complaint do not comply with Fed. R. Civ. P. 8(a) and (e), which require a "short and plain statement of the claim showing the pleader is entitled to relief."  As such, Defendant is not required to separately admit or denies each of the allegations contained therein.

### COUNTERCLAIM

1.      Plaintiff and Counterclaim-Defendant The Hebrew University of Jerusalem ("HUJ") has filed suit against Defendant and Counterclaim-Plaintiff Benefit Cosmetics, LLC ("Benefit") alleging that Benefit's use of a photograph of Albert Einstein in an advertisement for its "That Gal" brightening face primer product (the "Advertisement") infringes HUJ's purported rights under California Civil Code § 3344.1; United States Code, Title 15, Section 1125(a); and California Business & Professions Code § 17200 *et seq.*

2.     HUJ bases its claims on its assertion that it obtained Mr. Einstein's purported post-mortem right of publicity under Mr. Einstein's will.

3.     Upon information and belief, despite HUJ's allegations to the contrary, HUJ did not receive any purported post-mortem right of publicity under Mr. Einstein's will.

4.     In light of HUJ's infringement lawsuit, there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5.     Accordingly, Benefit seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, that the Advertisement does not infringe any right of HUJ.

## **PRAYER FOR RELIEF**

WHEREFORE, Benefit prays for judgment as follows:

A.     Dismissing HUJ's Complaint with prejudice;

B.     Declaring and adjudging that the Advertisement does not infringe any right of HUJ;

C.     Permanently enjoining HUJ from asserting claims or filing actions against Benefit arising out of Benefit's creation and use of the Advertisement;

D.     Directing HUJ to withdraw its Successor-in-Interest claims filed with the Secretary of State of California pursuant to California Civil Code § 3344.1 and any other similar filings made with any State or Federal governmental agency and permanently enjoining HUJ from filing any such claims in the future;

E.     Awarding HUJ its costs and attorneys' fees incurred in defending against HUJ's Complaint and in bringing its counterclaim, including under Section 35(a) of the Lanham Act, 15 U.S.C. § 35(a), and Section 3344.1(a)(1) of the California Civil Code, and as otherwise permitted under law;  and

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT                    CV09-08711 PSG (PJWx)

1    F.    Granting Benefit such other and further relief as the Court may deem

2    just and proper.

3

4    DATED: April 23, 2010          YOUNGERMAN & McNUTT LLP

5

6                                   By: _____

7                                        Stephen Youngerman (#098784)
                                         sy@ymlaw.net
                                         Robert L. Panza (#207393)
8                                        rlp@ymlaw.net

9                                        11150 West Olympic Boulevard, Suite 900
                                         Los Angeles, California 90064
10                                       Tel: (310) 478-3780

11                                       -and-

12
                                         FROSS ZELNICK LEHRMAN & ZISSU, P.C.
13                                       David Donahue (*pro hac vice* admission pending)
                                         ddonahue@fzlz.com
14                                       Giselle C. Woo (*pro hac vice* admission pending)
                                         gwoo@fzlz.com
15                                       866 United Nations Plaza
                                         New York, New York 10017
16                                       Tel: (212) 813-5900

17

18                                       Counsel for Defendant,
                                         BENEFIT COSMETICS, LLC

19

20

21

22

23

24

25

26

27

28

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT          CV09-08711 PSG (PJWx)

**PROOF OF SERVICE**
*The Hebrew University of Jerusalem v. Benefit Cosmetics, LLC*
U.S. District Court – Central District Case No. CV09-08711 PSG (PJWx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11150 West Olympic Boulevard, Suite 900, Los Angeles, California 90064.

On April 23, 2010 I served the foregoing document described as **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

Jorge R. Arciniega
Robert M. Pryor
McDermott Will & Emery, LLP.
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Tel:  (310) 277-4110
Fax:  (310) 277-473
**Attorneys for Plaintiff, The Hebrew University of Jerusalem,**

☒    (BY MAIL)  I caused such envelopes to be deposited in the mail at Los Angeles, California.  The envelope(s) were mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 23, 2010, at Los Angeles, California.

_____
KATIE YAMASHITA